UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ABDUL SHARIFF, individually and on
behalf of others similarly situated,

                                      Plaintiff,          **ORDER ADOPTING REPORT
                                                             AND RECOMMENDATION**

    -against-
                                                                    11-CV-2547 (SLT) (CLP)

AMANDA REALTY, INC., *et al.*,

                                      Defendants.
--------------------------------------------------------x
**TOWNES, United States District Judge:**

        On May 26, 2011, plaintiff Abdul Shariff ("Plaintiff"), who is paralyzed and reliant on a wheelchair, filed this action against Amanda Realty, Inc., and a John Doe doing business as Eden European Market, alleging violations of Title III of the Americans with Disabilities Act and State and local laws. On June 29, 2011, plaintiff filed an Amended Complaint, substituting Bozena Brzostek d/b/a Eden Polish Delicatessen ("Brzostek") for the Doe defendant. On September 5, 2011, plaintiff filed a Second Amended Complaint, substituting defendant Arik Property, Inc. ("Arik") for Amanda Realty, Inc.

        According to affidavits of service filed on January 18, 2012, Plaintiff served a summons and the Second Amended Complaint on Arik on October 31, 2011, and on Brzostek on November 10, 2011. However, neither Arik nor Brzostek timely answered or otherwise responded to Plaintiff's pleading. Accordingly, on January 18, 2012, Plaintiff requested that the Clerk of Court enter a default against Arik and Brzostek pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

        Although the Clerk of Court entered a default against both defendants on January 19, 2012, Plaintiff had not moved under Rule 55(b) for a default judgment as of May 22, 2012. On that date, Arik sent a letter to this Court, requesting a pre-motion conference in anticipation of moving pursuant to Rule 55(c) to vacate the default that had been entered against it. In that

letter, Arik argued that the Second Amended Complaint was improperly filed because Plaintiff did not obtain leave of Court before amending his pleading for a second time.

In an endorsed order dated May 24, 2012, this Court advised Arik that its Individual Motion Practices and Rules do not require that a party request a pre-motion conference prior to filing a motion pursuant to Rule 55(c). Nonetheless, Arik did not file its motion to vacate the default until January 16, 2013 – two weeks after Plaintiff had moved for a default judgment against Defendants. In response to Arik's motion, Plaintiff principally argued that leave of court was not required to file the Second Amended Complaint. However, Plaintiff also requested that if the Court found that Plaintiff needed leave to file the Second Amended Complaint, Plaintiff be granted that leave retroactively.

This Court referred both Plaintiff's motion for a default judgment and Arik's Rule 55(c) motion to Magistrate Judge Pollak for a report and recommendation. On April 4, 2013, Judge Pollak issued her report and recommendation (the "R&R"), recommending that Arik's motion to vacate the default be granted, that Plaintiff be granted permission to file his Second Amended Complaint *nunc pro tunc*, and that Arik be given 20 days in which to file an answer. Since the R&R recommended vacating the default against Arik, the R&R did not discuss Plaintiff's motion for a default judgment against Arik. However, the R&R also did not discuss Plaintiff's motion for a default judgment against Brzostek.

The R&R specifically advised the parties that they had fourteen days in which to file objections to the R&R and that failure to file timely objections would result in waiver of the right to appeal. The R&R was electronically served on Plaintiff and Arik on April 4, 2013. To date, this Court has not received any objections to the R&R.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, this Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

Although the R&R did not expressly address Plaintiff's motion for a default judgment against Brzostek, Judge Pollak's finding that the Second Amended Complaint was filed without the necessary leave of Court compels the conclusion that a default should not have been entered against Brzostek for failure to respond to that pleading. Accordingly, this Court *sua sponte* vacates the default against Brzostek. Plaintiff shall serve a copy of the R&R and this Order on Brzostek on or before October 15, 2013, and Bzrostek shall have 20 days from the date of service in which to file an answer or otherwise respond to the Second Amended Complaint.

## *CONCLUSION*

For the reasons stated above, Magistrate Judge Pollak's Report and Recommendation dated April 4, 2013, is adopted in its entirety. Arik's motion to vacate the default is granted, Plaintiff is granted permission to file the Second Amended Complaint *nunc pro tunc*, and Arik shall have twenty (20) days from the date of this order in which to file an answer or otherwise respond to the Second Amended Complaint.

3

In addition, this Court *sua sponte* vacates the default against Brzostek. Plaintiff shall serve a copy of Judge Pollak's Report and Recommendation and this Order adopting that Report and Recommendation on Brzostek on or before October 15, 2013. Bzrostek shall have 20 days from the date of service in which to file an answer or otherwise respond to the Second Amended Complaint.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: September 30, 2013
       Brooklyn, New York